THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LUIS ARREDONDO-VALDEZ,<br><br>Defendant. | CASE NO. CR20-0217-JCC-4<br><br>ORDER |

This matter comes before the Court on Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines ("USSG") (Dkt. No. 761). Having considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

In January 2023, Defendant entered guilty pleas to two criminal counts: Conspiracy to Distribute Controlled Substances (Count 1) and Carrying a Firearm During and in Relation to a Drug Trafficking Offense (Count 12). (*See generally* Dkt. Nos. 520, 545.) Specifically, Defendant admitted to his involvement in at least one debt collection incident owed to his drug trafficking organization. (*See* Dkt. No. 520 at 8.) During the incident, Defendant armed himself with a loaded firearm and used or threatened to use violence. (*Id*. at 9.)

In applying the 2021 Sentencing Guidelines Manual, the United States Probation and Pretrial Services Office ("Probation") calculated Defendant's total offense level to be 35, with

zero criminal history points (and thus a criminal history Category of I). (*See* Dkt. No. 576 at 10–11.) Probation calculated his total guideline range at 228 months to 270 months. (*Id.* at 14.) Of note, Count 12 required a 60-month mandatory minimum sentence. (*Id*. at 14.) The Court imposed a custodial sentence of 108 months. (*See* Dkt. No. 605 at 2.)

Defendant now asks for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part B, Subpart 1 of the USSG. (*See generally* Dkt. No. 761.) To qualify for such a reduction, two conditions must[1] be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).

Part B, Subpart 1 of Amendment 821 provides a two-level reduction in the offense level to defendants who meet the following non-exhaustive criteria:

(1) the defendant did not receive any criminal history points; . . . ,

(3) the defendant did not use violence or credible threats of violence in connection with the offense; . . . ,

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

*See* USSG § 4C1.1(a). Defendant does not meet the criteria for a two-level reduction. As noted above, Defendant admitted to (1) using or threatening to use force in connection with his offense, and (2) possessing firearms in connection with his offense. (*See* Dkt. No. 520 at 9.) He therefore fails to meet USSG § 4C1.1(a)(3) and (7). Thus, the Court lacks jurisdiction to reduce Defendant's sentence. *See Wesson*, 583 F.3d at 730.

---

[1] A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

ORDER
CR20-0217-JCC-4
PAGE - 2

Defendant's motion for a reduction of his sentence (Dkt. No. 761) is DENIED.

DATED this 13th day of September 2024.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE